958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Meril G. NEAL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1935.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 20, 1992.
 
 Before BAUER, Chief Circuit Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Meril G. Neal appeals the district court's dismissal of his motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federally imposed sentence. Neal raises several claims, all of which are premised on the argument that his trial counsel was constitutionally ineffective. The district court found that Neal waived his claims for failing to pursue them on direct appeal.
 
 I. BACKGROUND
 
 2
 Meril G. Neal pleaded guilty to one count of conspiracy to distribute more that ten grams of LSD and one count of possession with intent to distribute more than ten grams of LSD, in violation of 21 U.S.C. §§ 846 and 841(a)(1), respectively. The district court sentenced Neal to sixteen years imprisonment. Attorney Mike Costello represented the petitioner at the trial level.
 
 
 3
 Neal retained new counsel, the law firm of Metnick and Barewin, for the prosecution of his direct criminal appeal. Apparently, Neal's new counsel believed that the only non-frivolous issue was whether, under the Sentencing Guidelines, the weight of blotter paper should be included in determining the amount of narcotics. However, this court decided that issue adversely to Neal's position in United States v. Rose, 881 F.2d 386 (7th Cir.1989). It appears that Neal's new attorney, Richard Frazier, believed that any issues on appeal would be frivolous in light of Rose. Thus, he counseled Neal to voluntarily withdraw his appeal. When Neal refused to sign a voluntary waiver motion, attorney Frazier filed a motion with this court requesting that he be allowed to withdraw as Neal's counsel. In that motion, Frazier stated that even if the sentencing issue were not frivolous, he still could not raise the claim, because to do so he would have to challenge trial counsel's effectiveness. The motion stated "[t]hat to raise Mike Costello's ineffectiveness would have been a conflict of interest for this firm because of Mike Costello's past and present associations with the firm." Attorney Frazier's motion also stated that he had requested an extension of time for filing the appellate briefs so that Neal could find new counsel.[1] For reasons that are unclear, attorney Frazier subsequently withdrew his motion to be released as Neal's appellate counsel.[2] Purportedly on the advice of counsel, Neal motioned this court for a voluntary dismissal of his direct appeal, pursuant to Federal Rule of Appellate Procedure 42(b) and Circuit Rule 51(d). This court granted Neal's motion to voluntarily dismiss his appeal on November 30, 1989.
 
 
 4
 On September 26, 1989, before Neal's direct appeal was dismissed by this court, Neal filed a pro se § 2255 motion. All of his claims are linked to arguments that his trial counsel's performance was constitutionally ineffective.[3] In Neal's memorandum in support of his § 2255 petition, he agrees that the one ground raised by appellate counsel is meritless in light of Rose. However, Neal notes that appellate counsel could not raise ineffective assistance of trial counsel claims on direct appeal due to the conflict of interest. On the same day that he filed the § 2255 motion, Neal filed a "motion to withdraw counsel" in the district court asking that Frazier, who was still representing Neal on direct appeal, be dismissed due to the conflict of interest. Neal simultaneously filed a motion to appoint new counsel to represent him on the § 2255 petition.
 
 
 5
 On March 26, 1990, without requiring the respondents to answer Neal's charges, the district court entered an order denying the motion for appointment of counsel and dismissing Neal's action. The court held that Neal voluntarily dismissed his direct criminal appeal, and therefore, waived his claims. Thus, Neal needed to demonstrate cause and prejudice for his failure to pursue these claims on direct appeal. The court stated that Neal did not allege cause for the default, specifically noting that he had different counsel on appeal who could have challenged trial counsel's effectiveness.
 
 II. ANALYSIS
 
 6
 In United States v. Taglia, 922 F.2d 413 (7th Cir.1991), this court explained that there are three ways in which a federal prisoner can raise the issue of ineffective assistance of counsel. On rare occasion, a defendant can file a motion for new trial within the seven day limit, pursuant to Federal Rule of Criminal Procedure 33, raising the issue. Id. at 417.
 
 
 7
 Alternatively, the defendant can in his direct appeal from the judgment of conviction ask the court of appeals to hold that the unadorned trial record demonstrates that he was denied his right to effective assistance of counsel; such a challenge is necessarily limited to the trial record, since a court of appeals does not take evidence. (citations omitted) The final alternative, again for the case where additional evidence is necessary to establish the claim, is for the defendant, after exhausting his appellate remedies, to file a motion under 28 U.S.C. § 2255 for a new trial on the basis of such evidence.
 
 
 8
 Id. In Taglia, we explained that Norris v. United States, 687 F.2d 899 (7th Cir.1982), which generally bars a petitioner from raising issues which were not raised on direct appeal, will not bar an ineffective assistance of counsel claim on a post-conviction motion if that motion is based on extrinsic evidence. On the other hand, if a defendant raises such a claim for the first time on a petition for post-conviction relief and can produce no new evidence to support his claim, his ineffective assistance of counsel claim will be barred for failure to raise this issue on direct appeal. However, as the court in Taglia noted:
 
 
 9
 [I]n the usual case extrinsic evidence is necessary to prove that counsel's assistance was ineffective, because without such evidence counsel's apparent pratfalls will be presumed to be failed strategems [sic] rather than professional malpractice. So in the usual case the defendant will be safe in postponing his claim to the postconviction stage.
 
 
 10
 Taglia, 922 F.2d at 418.
 
 
 11
 In light of Taglia, the proper question is whether extrinsic evidence is necessary to support his claim. As already noted, Neal did attach some new evidence to his petition. He should be allowed the opportunity to develop his claims and the evidence thereon. If Neal can provide material extrinsic evidence in support of his claim, this § 2255 petition is the proper forum for resolution of the issue.
 
 
 12
 If, on the other hand, Neal's claims do not depend on extrinsic evidence, the issues should have been addressed on direct appeal. As Taglia pointed out, however, "the Norris bar, like the law of the case doctrine, is not absolute; it can be waived for good cause." Taglia, 922 F.2d at 419. Thus, Neal would have to demonstrate cause and prejudice for his failure to raise his challenge to trial counsel's effectiveness on direct appeal. As already noted, Neal has alleged cause, namely appellate counsel's conflict of interest.[4] Development of this issue will be necessary if the district court determines that Neal must demonstrate cause and prejudice for not raising his claims on direct appeal.[5]
 
 
 13
 For these reasons, the decision of the district court is REVERSED, and the case is REMANDED for further proceedings.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Neal disputes this statement, claiming that he was unaware of the conflict until after this motion was filed
 
 
 [2]
 Neal attached the following documents to his § 2255 petition: a letter from attorney Frazier requesting that the petitioner sign a motion agreeing to the voluntary dismissal of his direct appeal; an unsigned copy of the motion to dismiss the appeal; and, a copy of Frazier's signed motion to withdraw as counsel. We gleaned some of this factual information by taking judicial notice of the docket sheet from Neal's direct criminal appeal, No. 89-2387
 
 
 [3]
 Neal submitted extrinsic evidence to support some of his claims. He attached the affidavit of his girlfriend, who often joined him when he met with his trial attorney. The affidavit supports Neal's contentions that trial counsel failed to read important documents to Neal, who is illiterate. The affidavit also supports Neal's claim that although counsel informed him that the maximum penalty was life imprisonment, counsel assured Neal that he would not receive a sentence of less than seven, nor more than ten years. Thus, Neal argues that counsel induced him to plead guilty and that had his attorney provided accurate information, he would not have pleaded guilty
 
 
 [4]
 As previously discussed, it appears that Attorney Frazier filed a motion to withdraw as counsel on direct criminal appeal, but subsequently withdrew that request. In light of Attorney Frazier's conflict of interest, we question whether his continued advice to the appellant constitutes acceptable attorney performance
 
 
 [5]
 That Neal voluntarily dismissed his appeal does not change our analysis. In Johnson v. United States, 838 F.2d 201 (7th Cir.1988), this court held that when a criminal defendant voluntarily dismisses his appeal, he can proceed on a § 2255 petition only if he demonstrates that his waiver of his right to appeal was involuntary, a more "demanding" standard than cause and prejudice. In Johnson, however, we left open the question of what effect, if any, constitutionally deficient counsel would have on this formulation. In light of Taglia, it is clear that where a defendant presents extrinsic evidence on his claim, he must proceed on a § 2255 petition. Thus, the fact that Neal voluntarily dismissed his petition does not change the inquiry