53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jesse OWENS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1178.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided April 28, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jesse Owens was convicted in 1990 of conspiracy to commit armed bank robbery in violation of 18 U.S.C. Sec. 371 and solicitation to commit bank robbery in violation of 18 U.S.C. Sec. 373 and was sentenced to 200 months inprisonment and three years supervised release. We affirmed his appeal of that conviction. See United States v. Jones, 950 F.2d 1309 (7th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992). Owens filed a motion pursuant to 28 U.S.C. Sec. 2255 arguing that his conviction should be overturned because (a) the government violated the Interstate Agreement on Detainers Act (IAD), (b) the indictment was fatally defective, (c) he received ineffective assistance of counsel, (d) the Federal Deposit Insurance Corporation did not have standing to prosecute Owens, (e) he was entrapped, (f) the district court erred by refusing to provide a portion of the trial transcript to the jury, and (g) there was newly discovered evidence.
 
 
 2
 The district court ruled on September 29, 1993 against Owens on all issues but his newly discovered evidence claim, deciding that the newly discovered evidence claim merited a government response. After reviewing the response, the district court found his newly discovered evidence claim meritless on October 27, 1993.
 
 
 3
 Owens contends that the district court erred by failing to conduct an evidentiary hearing on his Sec. 2255 motion and in denying his motion. After reviewing the questions of law de novo and the factual determinations for clear error, we agree with the district court that Owens' claims are meritless and that an evidentiary hearing was not necessary. Doe v. United States, No. 92-3732 (7th Cir. April 3, 1995); Granada v. United States, No. 94-2987 (7th Cir. Mar. 23, 1995). Accordingly, we AFFIRM for the reasons stated in the attached opinions of the district court.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 4
 Jesse Owens, Petitioner,
 
 
 5
 v.
 
 
 6
 United States of America, Respondent.
 
 No. 90-10011
 ORDER
 
 7
 MIHM, Chief Judge.
 
 
 8
 Pending before this court is Petitioner Jesse Owens' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Sec. 2255. For the reasons stated below, this Petition is dismissed, except for Petitioner's claim of "newly discovered evidence," which begins on the twenty-second page of Petitioner's Memorandum of Law in Support of Motion to Vacate, Set Aside or Correct Sentence, and ends on the twenty-fifth page of Petitioner's Memorandum. The "newly discovered evidence" claim could have merit. Therefore, Respondent is ordered to show cause within 21 days after service of this order why said writ should not be granted as to the issue of newly discovered evidence.
 
 
 9
 The Seventh Circuit has made clear "that a district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." Theordorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). A section 2255 petition "will not be allowed to do service for an appeal." Id. at 1339 (citing Johnson v. United States, 838 F.2d 201, 202 (7th Cir.1988)). Failure to raise constitutional challenges to a conviction on direct appeal bars a petitioner from raising the issue in a section 2255 proceeding absent a showing of cause and prejudice. Id. Therefore, a section 2255 petitioner must show both (1) good cause for his failure to pursue an issue on direct appeal and (2) actual prejudice resulting from the alleged constitutional violation. Id.
 
 
 10
 Petitioner Owens has not shown a cause for his failure to raise his alleged constitutional violations on direct appeal. On appeal, Owens raised two issues. First, Owens argued that the government did not prove beyond a reasonable doubt that he was not entrapped. United States v. Jones, 950 F.2d 1309, 1311 (7th Cir.1991). Second, Owens argued that the trial court erred in allowing a two-point adjustment for obstruction of justice to be added to his base offense level. Id. at 1311.
 
 
 11
 In his habeas petition, Owens raises numerous constitutional challenges that were not pursued on direct appeal. First, Petitioner argues that since no bank robbery occurred the FDIC lacked prosecutorial standing. Second, Owens argues that a violation of due process occurred when the trial court withheld the trial transcript from the jury. Next, Owens argues that the indictment in his case was defective because it charged Owens with armed robbery. Finally, Owens contends ineffective assistance of trial counsel for trial counsel's failure "to raise these issue at trial or before." (Habeas Petition, p. 5). Owens' constitutional claims were not raised on direct appeal, and he has failed to present any cause for this failure. Therefore, this Court can not address the merits of his constitutional claims, and those claims are dismissed.
 
 
 12
 Next, "nonconstitutional errors which could have been raised on appeal, but were not, are barred on collateral review--regardless of cause and prejudice." Buelow v. Dickey, 847 F.2d 420, 425 (7th Cir.1988). In his Habeas Petition, Owens alleges that a violation of the Interstate Agreement on Detainers Act occurred when he was returned to state prison prior to his sentencing in federal prison. This alleged violation of the Interstate Agreement on Detainers Act could have been raised on appeal. Since this claim was not raised on appeal, it is barred on collateral review.
 
 
 13
 Owens also argues that the prosecution failed to establish beyond a reasonable doubt that he committed armed robbery. According to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court may summarily dismiss a claim in a section 2255 Habeas Petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Since Owens was convicted and sentenced for conspiracy and solicitation to commit bank robbery and not convicted of armed robbery, this claim is meritless and therefore, dismissed.
 
 
 14
 Finally, in his memorandum, Petitioner argues that the government informant and agents manipulated, induced, and, enticed defendants Williams, Toliver, and Jones into going to look at Olympic Bank. This appears to be a claim that the government did not prove beyond a reasonable doubt that Owens was not entrapped. The Seventh Circuit considered this claim and found that "there was ample evidence for the jury to find beyond a reasonable doubt that Owens was not entrapped." United States v. Jones, 950 F.2d at 1315. In Taylor v. United States, the Seventh Circuit held that a court considering a Sec. 2255 petition should not reconsider an issue already decided on direct appeal absent changed circumstances of fact or law. Taylor v. United States, 798 F.2d 271, 273 (7th Cir.1986). Owens has not alleged changed circumstances of fact or law regarding his entrapment defense, and therefore, this claim will not be considered by this Court.
 
 
 15
 ENTERED this 29th day of September, 1993.
 
 ORDER
 
 16
 Pending before this Court is Petitioner Jesse Owens' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Sec. 2255. On September 29, 1993, this Court dismissed all of Owens' claims except his claim of "newly discovered evidence." This Court ordered the government to respond to Owens' "newly discovered evidence" claim. For the reasons set forth below, Petitioner's "newly discovered evidence" claim is also dismissed.
 
 
 17
 The Respondent argues that Owens' Petition should be denied because Owens has exceeded the time limitation of Rule 33 of the Federal Rules of Criminal Procedure. Rule 33 provides that a motion for a new trial on the ground of newly discovered evidence must be filed within two years of the final judgment to be timely. However, as Owens correctly argues, the two years from final judgment under Rule 33 begins to run only after all appellate remedies have been exhausted. Olson v. United States, 989 F.2d 229, 230 n. 1 (7th Cir.1993).
 
 
 18
 On June 28, 1990, Petitioner Owens was convicted of conspiracy to commit bank robbery and solicitation to commit bank robbery. On December 19, 1991, the Seventh Circuit affirmed Owens' conviction and sentence. This Court received Owens' section 2255 Motion to Vacate, Set Aside, or Correct Sentence on July 12, 1993. Therefore, Owens has not exceeded the two year limitation of Rule 33.
 
 
 19
 Although Owens has not exceeded the two year limitation of Rule 33, his "newly discovered evidence" is meritless. Owens claims that the "newly discovered evidence" demonstrates that as of December 18, 1989, Gerald Williams was an informant for the state, and therefore, Williams could not conspire with Owens. However, Owens was not charged or convicted of conspiring with Gerald Williams. Owens was charged and convicted with conspiring with Leonard Tolliver and William Jones. Owens was also charged and convicted with soliciting Leonard Tolliver to commit the bank robbery. Therefore, Owens' claim of "newly discovered evidence" is meritless.
 
 
 20
 Finally, Owens also argues that at no time did Owens and Tolliver agree "with one another to commit any criminal offense at all nor was same so implied to agree." (Owens' Memorandum in Support of his Petition at 25). "A district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Therefore, "nonconstitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." Bontkowski v. United States, 850 F.2d 306, 313 (7th Cir.1988). On appeal, Owens raised two issues. First, Owens argued that the government did not prove beyond a reasonable doubt that he was not entrapped. United States v. Jones, 950 F.2d 1309, 1311 (7th Cir.1991). Second, Owens argued that the trial court erred in allowing a two-point adjustment for obstruction of justice to be added to his base offense level. Id. at 1311. Since, Owens did not raise his current argument on direct appeal, this Court will not consider it.
 
 
 21
 THEREFORE, Petitioner Owens' Petition for Writ of Habeas Corpus is dismissed.
 
 
 22
 ENTERED this 27th day of October, 1993.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record