Lou A. GRIFFIN, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 95–1823.

United States Court of Appeals, Seventh Circuit.

Argued March 4, 1997.

Decided March 28, 1997.

Allen E. Shoenberger, Bunjoon Park, Law Student (argued), Loyola University School of Law, Chicago, IL, for Petitioner–Appellant.

Thomas Schneider, Steven Ingraham (argued), Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before CUMMINGS, COFFEY, and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Lou A. Griffin filed this petition under 28 U.S.C. § 2255 seeking to have his sentence on cocaine and gun charges vacated so that he can be resentenced and thereby take a new appeal. Griffin claims that his attorney's ineffective assistance on his direct appeal prevented him from prosecuting that appeal. Because Griffin's claim of ineffective assistance of counsel is potentially meritorious and there is prima facie support in the record for this claim—and because the government now acknowledges the need for further inquiry into Griffin's claim—we vacate the district court's dismissal of Griffin's petition and remand this case for an evidentiary hearing.

### Facts

On September 1, 1990, Griffin was convicted of conspiracy to distribute cocaine, 21 U.S.C. § 846, distribution of cocaine, 21 U.S.C. § 841(a)(1), and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1), 924(a). On November 6, 1990, he was sentenced to nine years' imprisonment, to be followed by three years' supervised release. Griffin filed a timely notice of appeal on November 16, 1990.

During the pendency of his appeal, Griffin fired his retained trial attorney, Christopher Lowe, and hired Charles R. Koehn to represent him. The district court granted Griffin *in forma pauperis* status, and in May 1991, this court appointed Koehn, retroactive to January 1991, to represent Griffin.

Because he was appointed, Koehn was required either to prosecute Griffin's appeal or to file an *Anders* brief before withdrawing. *See Penson v. Ohio,* 488 U.S. 75, 81–83, 109 S.Ct. 346, 350–51, 102 L.Ed.2d 300 (1988); *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Koehn did neither; he never filed a jurisdictional statement or a brief in this court.[1] On March 6, 1991, we issued a Rule to Show Cause "why disciplinary action should not be taken … for failing to prosecute this appeal." Koehn's response to the Rule to Show Cause was due on March 20, but he never filed one. On April 25, this court fined Koehn $100 for failing to file the jurisdictional statement, and ordered him to pay the fine and file the statement by May 3. By May 14, Koehn still had not paid the fine or filed the jurisdictional statement. On that day, in response to Koehn's motion for an extension of time, we ordered Koehn to pay the fine immediately and to file a detailed response to the Rule to Show Cause no later than May 20.

On May 17, Koehn filed a motion to dismiss the appeal voluntarily. Fed. R.App. P. 42(b). Although Griffin apparently agreed to dismiss his appeal,[2] he claims that he did so only because Koehn erroneously informed him that he could file a motion for a reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, and that such a motion would "do [him] more good than an appeal." This court granted Griffin's motion to dismiss his appeal. On May 23, Koehn paid the $100 fine, but he

---

1. Although the docket sheet from Griffin's direct appeal is not included in the record in this collateral appeal, we take judicial notice of our own docket entries. *Randy's Studebaker Sales, Inc. v. Nissan Motor Corp.,* 533 F.2d 510, 521 (10th Cir.1976); *In re Northern Ill. Dev. Corp.,* 324 F.2d 104, 106 (7th Cir.1963), *cert. denied,* 376 U.S. 938, 84 S.Ct. 792, 11 L.Ed.2d 658 (1964).

2. The record in this case does not contain the signed statement from Griffin agreeing to dismiss his appeal, but Circuit Rule 51(d) would require such a waiver before Griffin's appeal would be dismissed. Moreover, Griffin's § 2255 petition does seem to acknowledge that he signed a form agreeing to dismiss his appeal.

never filed a response to our Rule to Show Cause.

In January 1992, Koehn filed a Rule 35(b) motion on Griffin's behalf. Needless to say, because—since 1987—only the government may file a Rule 35(b) motion (and even then, only within one year of the imposition of the sentence), the district court denied the motion.

On October 31, 1994, Griffin filed the present petition under 28 U.S.C. § 2255, in which he claimed that he was denied effective assistance of counsel in his direct appeal.[3] Griffin stated that he agreed to dismiss his direct appeal only because Koehn advised him that it would be more advantageous to him to file the Rule 35(b) motion. The government responded to Griffin's § 2255 petition by arguing, first, that Griffin's voluntary dismissal of his direct appeal precluded him from asserting that he had been denied effective assistance of counsel on appeal, and second, that Griffin could not show any prejudice from his counsel's deficient performance. Based on these reasons, the district court denied Griffin's petition, and this appeal followed.

### Analysis

On appeal, the government has altered its position. It now concedes that if the facts Griffin alleges are true, he was denied effective assistance of counsel on appeal, and he is entitled to be re-sentenced so that he can take a new appeal. Accordingly, the government now requests that the case be remanded to the district court "for further proceedings on the issue of ineffective assistance of appellate counsel" to determine if the facts Griffin alleges are true.

 Notwithstanding the government's request that we remand Griffin's petition for such a determination, we must independently evaluate Griffin's claim. *United States v. Locklear*, 97 F.3d 196, 198 (7th Cir.1996). To warrant vacation of his sentence under § 2255, Griffin must show both that Attorney Koehn's representation was deficient and that he was prejudiced by that deficiency. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

 If Griffin's allegations are true, it is clear that Attorney Koehn's representation fell below the acceptable standard of professional competency. Koehn never filed a brief or jurisdictional statement in this court in Griffin's appeal, he ignored this court's Rule to Show Cause, and he was fined by this court for his dereliction. Moreover, Griffin alleges that after his attorney convinced him to agree to dismiss his direct appeal, Koehn filed a Rule 35(b) motion—a motion that only the government could file, and hence, a nonexistent motion for Griffin—in place of Griffin's appeal. "Filing ... a non-existent motion under federal practice clearly qualifies as deficient attorney performance." *United States v. Nagib,* 56 F.3d 798, 801 (7th Cir. 1995). This course of conduct unquestionably falls below the "wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.

The second element Griffin must prove under *Strickland* is that he was prejudiced by Koehn's deficient performance. If Griffin's allegations are true, Koehn constructively abandoned Griffin, and thus, we must presume prejudice. In *Strickland,* the Court held that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." 466 U.S. at 692, 104 S.Ct. at 2067. *See also Penson,* 488 U.S. at 88, 109 S.Ct. at 354; *United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 2046–47, 80 L.Ed.2d 657 (1984).

 We have held that an attorney's failure to file an appeal when instructed to do so by his client, *Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir.1994), or his failure to file an appellate brief, United States ex rel. *Thomas v. O'Leary*, 856 F.2d 1011, 1015–16 (7th Cir.1988), or his failure to file a timely notice of appeal, *Nagib,* 56 F.3d at 801, are

---

**3.** Griffin also raised a number of other claims in his petition: that the information contained in his Pre–Sentence Report was inaccurate, that the district court improperly determined his base offense level and that the district court improperly increased his offense level both for his role in the offense and for carrying a firearm. All of these claims should have been raised on direct appeal, and thus are not cognizable in a petition under § 2255. Accordingly, the only issue for us to consider is whether Griffin was denied effective assistance of counsel in his direct appeal.

presumptively prejudicial. There is no meaningful distinction between a lawyer who fails to file any appeal at all, and one who files the appeal but then takes no action to prosecute that appeal, ignores court orders, and ultimately advises his client to dismiss the appeal and instead to file a non-existent motion. *See Fern v. Gramley*, 99 F.3d 255, 259 (7th Cir.1996). Either way, the defendant has been denied the opportunity to have a lawyer represent him on direct appeal.

Furthermore, it appears in this case that Koehn may have had a strong personal incentive to encourage Griffin to dismiss his appeal, regardless of whether that course of action was in Griffin's best interests. At the time Griffin dismissed his appeal, Koehn had been fined by this court and was facing further sanctions. He was two months late in responding to our Rule to Show Cause. Griffin's dismissal of his appeal only three days before Koehn faced yet another deadline conveniently extricated Koehn from the predicament in which he found himself. These facts create an inference that Koehn abandoned Griffin, and that he may have been protecting his own interests when he allegedly advised Griffin to dismiss the appeal. Accordingly, we hold that if Griffin's allegations are true, Koehn abandoned Griffin on his direct appeal, and we presume prejudice.

█ We believe that Griffin has made a strong prima facie showing that he was denied constitutionally effective representation of counsel on his direct appeal. Accordingly, we believe an evidentiary hearing is necessary to determine whether his claim has

merit. *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir.1994). If the district court concludes that Griffin dismissed his appeal based on Koehn's advice that a Rule 35(b) motion "would do him more good than an appeal," then Griffin was denied effective assistance of counsel, and he is entitled to have his § 2255 petition granted.[4]

We make three final observations. First, Griffin currently is serving the seventh year of a nine-year sentence. If he is able to establish his ineffectiveness claim, he would be entitled to be re-sentenced and then to take a new appeal. That would do him little good, however, if his nine-year sentence was about to expire. We therefore urge the district court on remand to expeditiously resolve the ineffectiveness claim. To facilitate prompt proceedings on remand, we shall issue our mandate today in light of the government's concession that a remand for an evidentiary hearing is required.

Second, the prosecution of both this petition and (if Griffin's allegations prove to be true) his direct appeal have been significantly delayed because Griffin has lacked the assistance of counsel in presenting his claims. We therefore urge the district court to consider whether it is necessary to appoint counsel for Griffin on remand to prevent any further delays.

Third, if the district court determines that Griffin's allegations are true and that Koehn effectively abandoned Griffin during his direct appeal, the court should at that point consider whether disciplinary action should be taken against Koehn.

---

4. As even the government concedes, our decision in *Johnson v. United States*, 838 F.2d 201 (7th Cir.1988), does not require a different result. Although *Johnson* noted that "no court to date has held that ineffective assistance permits an appeal despite a waiver," that decision ultimately explained that "[w]e need not finally determine the role constitutionally ineffective counsel would play in this inquiry, for Johnson's counsel was not ineffective...." *Id.* at 204, 205.

*Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), establishes the standard for setting aside a guilty plea as involuntary in a case in which the defendant waives his right to stand trial due to ineffective assistance of counsel. We think that the same standard should control when a defendant claims he waived his right to

an appeal due solely to ineffective assistance of counsel. Under *Hill*, "the voluntariness of [a guilty] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56, 106 S.Ct. at 369 (citation and internal quotations omitted).

We have already held that Koehn's alleged advice to Griffin that a Rule 35(b) motion would do him more good than an appeal was not within the "range of competence demanded of attorneys in criminal cases." Thus, if this was the only reason that Griffin waived his appeal (as Griffin claims), then his waiver was not voluntary, and nothing in *Johnson* precludes Griffin from taking a new appeal.

The order of the district court dismissing Griffin's petition under § 2255 is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion. Our mandate shall issue immediately.