165 F.3d 32
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James FORT, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 97-4188.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 27, 1998.*
Decided Sept. 2, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois. Eastern Division. No. 97 C 3022. George M. Marovich, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. WILLIAM J. BAUER, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1994, a jury convicted James Fort of distribution of cocaine and conspiracy to possess with intent to distribute cocaine. The court sentenced Fort to concurrent terms of 240 months' imprisonment. Fort filed an appeal but followed his trial attorney's advice and voluntarily dismissed it. In 1997, Fort filed a motion under 28 U.S.C. § 2255 seeking to have his sentence vacated on the ground that he received ineffective assistance of counsel. The district court denied relief and Fort appeals, arguing that if his attorney had objected to an obvious mistake in the presentence report (PSR) he would have received a sentence of between 121 and 151 months. Prior to briefing, the government conceded error and moved to vacate the sentences and remand for re-sentencing; we carried that motion with the case for determination. Government confessions of error are accorded great weight, but they do not relieve a reviewing court of the burden to perform its judicial function. Griffin v. United States, 109 F.3d 1217, 1219 (7th Cir.1997); United States v. Locklear, 97 F.3d 196, 198 (7th Cir.1996). Having reviewed the record and briefs, we agree that Fort did receive ineffective assistance of counsel. Accordingly, we vacate the district court's dismissal of Fort's motion and remand for resentencing.
 
 
 2
 Fort initially was assigned a base offense level of 26, and four additional points were added under U.S.S.G. § 3B1.1(a) for his role as a leader and organizer of the criminal activity. This total offense level of 30, coupled with Fort's category III criminal history, resulted in a sentencing range of 121 to 151 months. But in the PSR the probation officer recommended that Fort be sentenced as a career offender under U.S.S.G. § 4B1.1, and without objection the court increased Fort's total offense level to 32 and his criminal history category to VI, resulting in a sentencing range between 210 and 262 months.
 
 
 3
 Under the Sentencing Guidelines, a defendant qualifies as a career offender if the offense of conviction is a crime of violence or a controlled substance offense and he has two prior convictions fitting those categories. U.S.S.G. § 4B1.1. At Fort's sentencing hearing, both parties overlooked statements in the PSR that should have alerted them that--despite the probation officer's contrary representation--one of the two prior felony drug convictions relied upon in applying the "career offender" guideline was for simple possession of marijuana, and not possession with intent to deliver. Simple possession, under U.S.S.G. § 4B1.1, is not a controlled substance offence. United States v. Jackson, 103 F.3d 561, 570 (7th Cir.1996); U.S.S.G. § 4B1.2(2). In his written objections to the PSR, Fort's attorney argued that "Fort's prior convictions over-represent the seriousness of the offenses at the time they occurred," but never did he alert the court to the fact that Fort had been convicted only of simple possession.
 
 
 4
 Fort had the same attorney at trial and on appeal, and he followed counsel's advice in dismissing his appeal. Thus, "he has shown good cause for his failure to raise the ineffective assistance of counsel claim on direct appeal." Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). See United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991) (trial counsel "can hardly be expected to challenge on appeal his own effectiveness at trial").
 
 
 5
 "We review de novo the district court's denial of a § 2255 motion." Prewitt, 83 F.3d at 815. To prevail on his claim that he received ineffective assistance of counsel, Fort must establish that his attorney rendered substandard assistance and that he was prejudiced as a result. Griffin, 109 F.3d at 1219. In rejecting Fort's motion, the district court noted that Fort's attorney was "unaware" Fort was not actually convicted of two prior controlled substance offenses, and that Fort did not allege that he alerted his attorney to the discrepancy in the PSR. The court concluded that the attorney's "only possible error" was his "failure to obtain certified copies of Fort's prior convictions," which, according to the district court, did not constitute constitutionally deficient performance. These conclusions were erroneous. The mistake--or at least, the likelihood of a mistake--was apparent in the PSR. The failure to investigate and to point it out was not a "tactical move, flawed only in hindsight." United States v. Yack, 139 F.3d 1172, 1175 (7th Cir.1998). "Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If the sentencing court had been alerted to the mistake, it would not have had the discretion to categorize Fort as a career offender. Had counsel urged the court to correct the mistake, he would not have been engaging in the "speculative use of a potential legal loophole" based on a "remote possibility." See Prewitt, 83 F.3d at 818. Under these circumstances, we can only conclude that the performance of Fort's attorney was deficient, and that as a result Fort's sentence was automatically increased by more than seven years.
 
 
 6
 For there to be ineffective assistance, it is not enough that an attorney's representation be deficient. The deficient performance also must have "so prejudiced [the] defense that the proceedings ... were fundamentally unfair and unreliable." Id. at 816. In Durrive v. United States, 4 F.3d 548, 551 (7th Cir.1993), we indicated that such prejudice might be shown where counsel's incompetence had a "large effect" resulting in a "significantly" harsher sentence than the defendant otherwise would have received. We derived the "significantly less harsh" requirement from Spriggs v. Collins, 993 F.2d 85, 88-89 (5th Cir.1993), in which the Fifth Circuit also observed that "one foreseeable exception to this requirement would be when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing--such as an automatic increase for a 'career' offender." Id. at 88 n. 4; cf. Martin v. United States, 109 F.3d 1177, 1178-1185 (7th Cir.1996) (en banc) (Rovner, J. dissenting (joined by Ripple, J. and D. Wood, J.)) (commenting on Spriggs exception). We need not decide whether Durrive implicitly adopted this exception, for we are satisfied that the increase of Fort's sentence by seven-and-a-half years resulted in a significantly harsher punishment than Fort would have received had his attorney's performance been adequate. See United States v. Kissick, 69 F.3d 1048 (10th Cir.1995) (improper classification as a career offender, increase from sentencing range of 262-327 months to range of 324-405 months significant). Accordingly, the dismissal of Fort's § 2255 motion must be vacated and the case remanded for resentencing.
 
 
 7
 It is so ordered.
 
 
 
 *
 After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)