**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robin PEOPLES, Defendant–**
**Appellant.**

No. 00–1106.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 18, 2000.

Decided April 11, 2001.

Before Hon. EASTERBROOK, Hon. RIPPLE, Hon. WILLIAMS, Circuit Judges.

### ORDER

A federal jury convicted Robin Peoples of various offenses relating to his participation in four bank robberies. The district court sentenced him to over 100 years' imprisonment. Peoples appeals his convictions and sentence. We affirm.

### I

In a twelve-count indictment, the government charged Peoples and three co-defendants with robbing four separate banks on different dates. During each of the robberies, the government alleged that Peoples had used a firearm, namely, a Tech–9 assault weapon and set fire to two stolen vehicles that were used in the bank robberies. While his co-defendants pled guilty to the charged offenses, Peoples opted to go to trial. Peoples, testifying in his own defense, denied any involvement in the robberies. Convinced by the government, however, the jury convicted Peoples on all twelve counts of the indictment.[1]

Before his sentencing, Peoples filed a motion for appointment of new counsel, which the district judge granted. Peoples also filed a motion for a new trial. In support of the motion, Peoples argued that he had newly discovered evidence supporting his innocence and that he was denied effective assistance of counsel. The district judge denied the motion and sentenced Peoples to 1,329 months' imprisonment.[2]

On appeal, Peoples first argues that the district court constructively amended the indictment with respect to the firearms charges brought under 18 U.S.C. § 924(c). Specifically, he contends that based on trial evidence, prosecutorial argument, and the district court's instructions to the jury, the jury might have convicted him for using a BB gun, rather than the Tech–9 charged in the indictment. Peoples next claims that the prosecutor made improper and prejudicial remarks during rebuttal that infringed on his right not to testify. Peoples also asserts that he is entitled to a new trial based on newly discovered evidence and the ineffectiveness of his trial

1. Peoples was convicted of four counts of armed bank robbery in violation of 18 U.S.C. § 2113(d), four counts of using or carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), two counts of using fire to commit a federal felony in violation of 18 U.S.C. § 844(h), and two counts of destroying a vehicle by means of fire in violation of 18 U.S.C. § 844(i).

2. The judgment recited a term of 1,329 months' imprisonment, but, because of a clerical error, the sentencing range was incorrectly identified in the judgment. After discovering the error, the district court, on its own motion, issued an order indicating its intent to correct the error. Both parties agree that Peoples was to be sentenced to a total of 1,329 months' imprisonment. Therefore, we accept this total for purposes of the appeal. The district court may correct the clerical error on remand pursuant to Federal Rule of Criminal Procedure 35(a).

counsel. Finally, Peoples contends that the length of his sentence violates the double jeopardy clause of the Fifth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment.

## II

### A. The Indictment

▆▆▆ Peoples argues that the indictment was constructively amended in two ways, by: (1) the government's presentation of evidence and argument before the jury that two guns were used in the robberies; and (2) the jury instructions which did not reference the firearm he was charged with using. Because Peoples failed to raise this issue before the trial court, we review only for plain error. *United States v. Baker,* 227 F.3d 955, 963 (7th Cir.2000); *United States v. Ramirez,* 182 F.3d 544, 547 (7th Cir.1999). A plain error is one that seriously affects the "fairness, integrity, or public reputation of judicial proceedings" and affects "substantial rights." *Ramirez,* 182 F.3d at 547. To rise to the level of plain error, a constructive amendment "must constitute a mistake so serious that but for it the defendant probably would have been acquitted." See *Baker,* 227 F.3d at 963 (internal citation omitted).

Peoples was indicted for "knowingly us[ing] and carry[ing] a firearm, to wit: a Tech–9 assault weapon, during and in relation to a crime of violence" in violation of 18 U.S.C. § 924(c). At trial, one of Peoples's co-defendants testified that a BB gun was used in two of the robberies. During closing argument, the prosecutor asserted that Peoples "was the one who wielded the Tech–9 assault weapon, perhaps the most frightening of the 2 weapons in the bank." Peoples claims that the jury could have found him guilty based on the use of the BB gun in the robberies rather than the Tech–9. This argument is without merit.

Peoples was convicted of four counts of using or carrying a firearm. He stipulated that the Tech–9 was displayed and brandished during each of the four robberies, and did not object to the inclusion of this stipulation in the court's instructions to the jury. He argued that he did not use either of these weapons. However, his co-defendant Casarez testified that Peoples wielded the Tech–9 during each robbery. With this kind of evidence linking Peoples to the Tech–9 we cannot say that the prosecutor's reference to a second gun constitutes a mistake so serious that but for it the defendant probably would have been acquitted. See *Baker,* 227 F.3d at 963.

Peoples's second constructive amendment argument likewise fails. The court instructed the jury that "the government must prove ... that the defendant knowingly used or carried *a* firearm." Jury Instr. 13 (emphasis added). A copy of the indictment (which specifically identified the Tech–9) was given to the jury for its deliberations and there was substantial evidence linking Peoples to the Tech–9. Even if the jury instructions did reference the Tech–9, Peoples could have been convicted of using and carrying a firearm. Accordingly, we find no plain error. See *id.*

### B. Prosecutor's Rebuttal Remarks

Peoples next argues that, during rebuttal, the prosecutor made an impermissible remark regarding the defense's ability to present evidence and call witnesses. The prosecutor said:

> You saw that the defense has subpoena power, just like the government. And it's true, they have no burden to come forward with the case. But when they do, you ought to remember that they

have the power to bring witnesses and records.

■ According to Peoples, the challenged remark amounted to a "direct slap" on his failure to present any evidence and alerted jurors of "the possibility that [he] had some witness under his control [who] was not called in his defense." The government claims that the prosecutor made the remark in direct response to defense counsel's argument that the government had failed to call certain witnesses that the defense had to call as part of its case. Because Peoples failed to object to the remark at trial, the plain error standard applies. See *United States v. Olano*, 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We find no error under this exacting standard. A prosecutor may point out the defense's subpoena power, as the government's lawyer did here. See *United States v. Aldaco*, 201 F.3d 979, 988–89 (7th Cir.2000) (noting "it is not improper for the prosecutor to make clear to the jury that defendant, like the government, has the power to subpoena any witness or witnesses relevant to case").

## C.  Motion for New Trial

### 1.  Ineffective Assistance of Counsel

In a five-sentence argument, Peoples claims that his trial counsel was ineffective because he was under the influence of alcohol and he failed to follow Peoples's instructions concerning his defense at trial. During a hearing conducted by the district court, Peoples testified that on at least one occasion during the twelve-day trial he thought he smelled alcohol on his counsel's breath. Another witness testified that she thought she smelled alcohol on defense counsel's breath on two occasions at trial. Also, there was evidence in the record that on one evening after trial, Peoples's counsel drank two beers near midnight. Peo-

ples further alleged that his counsel failed to follow a number of Peoples's directives pertaining to his defense, such as, objecting to "misleading" statements by the prosecutor during closing argument. Notwithstanding this evidence, the district court, in a well-reasoned opinion (see Memorandum and Order of November 15, 1999), denied Peoples's ineffective assistance of counsel claim. In doing so, the court gave little or no weight to People's allegations that he received subpar representation from his trial counsel. Peoples points to no fundamental flaw in the district court's analysis, and our review reveals none. Because we agree with the district court that the record contains no evidence demonstrating that trial counsel rendered substandard assistance or caused actual prejudice to Peoples's defense, see *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), we find no error in the denial of Peoples's motion for new trial.

### 2.  Newly Discovered Evidence

■ Peoples contends that the district court erred in rejecting his alternate ground for requesting a new trial, the existence of newly discovered evidence. In post-trial proceedings, Peoples presented affidavits from jail inmates who allegedly had contact with Peoples's co-defendants while they were incarcerated. Several inmates averred that Peoples's co-defendants never mentioned any involvement by a fourth person (namely, Peoples) while discussing the robberies, and other inmates indicated that they heard two of Peoples's co-defendants say they were lying about an African–American man (Peoples) being involved in the robberies. Peoples contends that the inmates' statements provided sufficient new evidence to warrant a new trial. The district court disagreed and denied the motion (see Memo-

randum and Order of November 15, 1999). The court found that the inmates' statements were merely cumulative and would not have led to a different verdict. The court noted that as part of his defense, Peoples presented the testimony of one inmate who made statements similar to those made in the affidavits Peoples offered as new evidence. The district court correctly determined that Peoples was not entitled to a new trial on the basis of the inmates' statements.

### D. Sentencing Challenge

■ Peoples finally contends that his 1,329 month sentence violates the Double Jeopardy Clause of the Fifth Amendment and the Eighth Amendment's prohibition against cruel and unusual punishment. In support of his Eighth Amendment challenge, Peoples submits that the sentence exceeds his life expectancy. He acknowledges, however, that this court has made clear that lengthy prison sentences, even those beyond the life expectancy of convicted defendants, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment where they are based on proper application of the sentencing guidelines and statutorily mandated consecutive terms. See, e.g., United States v. Martin, 63 F.3d 1422, 1432 (7th Cir.1995) (citing United States v. O'Driscoll, 761 F.2d 589, 599 (10th Cir.1985) ("A sentence of imprisonment for a very long term of years, the effect of which is to deny a prisoner eligibility for parole until a time beyond his life expectancy, does not violate the Eighth Amendment prohibition of imposition of cruel and unusual punishment.")). We find no Eighth Amendment violation here.

■ As to his challenge under the Double Jeopardy Clause of the Fifth Amendment, Peoples claims that he has twice been put in jeopardy because the use of firearms in the robberies he committed was twice relied on to enhance his sentence under 18 U.S.C. §§ 924(c) and 2113(d). We have rejected similar arguments previously, and nothing compels us to find a Fifth Amendment double jeopardy violation here. See United States v. Handford, 39 F.3d 731, 734–35 (7th Cir. 1994) (noting "Congress intended that punishment pursuant to [18 U.S.C.] § 924(c) be imposed upon a defendant in addition to an enhanced punishment imposed pursuant to a conviction for a crime of violence"; and further stating that "the Double Jeopardy Clause has nothing to do with a legislative determination that lengthy prison time, even imposed pursuant to two separate statutes, is the proper punishment").

### III

For the foregoing reasons, we AFFIRM the judgment of the district court, but REMAND to allow the district court to correct the clerical error in the judgment.