**Harvey L. HOOVER, Petitioner–Appellant,**

v.

**UNITED STATES OF AMERICA, Respondent–Appellee.**

**No. 00–3329.**

United States Court of Appeals, Seventh Circuit.

Submitted April 23, 2001.*

Decided April 23, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

Before Hon. EASTERBROOK, Hon. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

## ORDER

Harvey Hoover was convicted of three counts of filing false income tax returns, 26 U.S.C. § 7206(1), and one count of falsifying a college financial aid application, 18 U.S.C. § 1001. He was sentenced to a total of 46 months' imprisonment on these counts and received an additional six months' imprisonment after the district court held him in criminal contempt for giving his sons possession of 150 savings bonds in contravention of a court order. The convictions and sentences were affirmed on appeal. *See United States v. Hoover*, 240 F.3d 593 (7th Cir.2001) (contempt); *United States v. Hoover*, 175 F.3d 564 (7th Cir.1999) (§ 7206(1) and § 1001). Hoover filed a motion under 28 U.S.C. § 2255 challenging his convictions and sentences for submitting the false returns and financial aid application. The district court denied the motion, but granted Hoover a certificate of appealability on his ineffective-assistance claim. We affirm.

The facts underlying Hoover's convictions are recited in our previous opinions, so we will confine our narration to those facts essential to the present claim. Hoover was a dairy farmer in Wabash County, Indiana. A bitter divorce left his ex-wife holding judgments against certain farm property, so Hoover began titling assets in his children's names to keep them from his ex-wife. In the process Hoover also managed to siphon off large chunks of income that he did not report to the Internal Revenue Service, which the IRS discovered after Hoover's tax and dairy business records were subpoenaed during execution of the divorce judgments. A jury found Hoover guilty of filing false tax returns for tax years 1990 through 1992 and submitting a false financial aid application to Purdue University. At sentencing the district court determined the tax loss using the presumptive 28% rate set out in the guidelines, *see* U.S.S.G. § 2T1.1(c)(1), and rejected as flawed Hoover's argument that a lower rate should be fixed based on his expert's comparisons of incomes and expenses for other dairy farms. At 28% of unreported income the tax loss for the three charged years totaled $136,256, and for all years, including others added without objection as relevant conduct, $494,388. Because the tax loss was more than $325,000 but not more than $550,000, Hoover's base offense level was 17. *See* U.S.S.G. § 2T4.1(L). After factoring in various adjustments, the district court found Hoover to be a Level 21, Category III offender with a sentencing range of 46 to 57 months.

Hoover argued on direct appeal that it was error to use a 28% rate to calculate tax loss. We affirmed, holding that "it was not clearly erroneous for the district court

to apply the presumed rate of tax loss, especially in light of the fact that the defendant's activity in not keeping records was the reason preventing a more accurate figure from being ascertained." *Hoover*, 175 F.3d at 568. Taking a different tack in his § 2255 motion, Hoover claims that he received ineffective assistance of counsel when his lawyer failed to object to including uncharged conduct in calculating the tax loss. The district court denied Hoover's motion, but granted a certificate of appealability on this question.[1]

To prevail on his Sixth Amendment ineffective-assistance claim, Hoover needed to show that his attorney rendered substandard assistance and that he was prejudiced as a result of that performance. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Griffin v. United States*, 109 F.3d 1217, 1219 (7th Cir.1997). In assessing the first prong, the proper standard is that of "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We always indulge the strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). And even if a petitioner under § 2255 can overcome the heavy burden of demonstrating an unreasonable deficiency on the part of his counsel, he must also meet the prejudice prong of *Strickland* to get relief. In order to satisfy this requirement, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceed-

ing," *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052; instead, the petitioner must also show that but for the deficient performance the sentencing proceeding "would have turned out differently," *United States v. Draves*, 103 F.3d 1328, 1335 (7th Cir. 1997).

Hoover relies on *United States v. Daniel*, 956 F.2d 540 (6th Cir.1992), for the proposition that tax loss cannot encompass conduct that did not result in conviction. But as we discussed in *United States v. Harvey*, 996 F.2d 919 (7th Cir.1993), the *Daniel* decision "holds only that the tax loss attributable to criminal activity for a given year must be reliably computed, and that civil tax liability is not an adequate substitute for 'tax loss' under the Guidelines, which is limited to criminal understatements." *Id.* at 922. The district court did not substitute civil tax liability for the tax loss figure; as noted above, the district court relied on evidence that Hoover had falsified tax returns and concealed income for many years prior to those charged in the indictment. The district court properly considered Hoover's past tax deficiencies as relevant conduct, *see* U.S.S.G. §§ 1B1.3(a); 2T1.1, comment. (n.2), and thus Hoover cannot show that his attorney's failure to raise the relevant conduct issue was unreasonable. Hoover's counsel cannot be faulted for not advancing meritless defenses. *See Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir.1993).

AFFIRMED.

---

1. Hoover's brief raises issues in addition to the one certified for appeal by the district court. He argues that the sentencing court erred in including tax deficiencies prior to the indictment as relevant conduct, that "newly discovered evidence" demonstrates that the government miscalculated its tax loss figure for the indictment period by almost $22,000, and that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). To the extent that these issues exceed the narrow grant in the certificate of appealability, we decline to discuss them because we find no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).