UNITED STATES of America, Plaintiff–Appellee,

v.

Robin PEOPLES, Defendant–Appellant.

No. 01–3231.

United States Court of Appeals, Seventh Circuit.

Submitted March 18, 2002.[1].

Decided July 16, 2002.

1. This appeal is successive to No. 00–1106 and the same panel has retained it for decision. After examining the briefs and record, we have concluded that oral argument is un- necessary. Accordingly, the appeal is submit- ted on the briefs and the record pursuant to Federal Rule of Appellate Procedure 34(a)(2).

Before EASTERBROOK, RIPPLE, and WILLIAMS, Circuit Judges.

## ORDER

In this successive appeal, Robin Peoples challenges the district court's denial of his *pro se* motions for a new trial, post-trial discovery, and appointment of counsel. For the reasons given below, we affirm the district court.

Peoples was convicted on January 26, 1999, on charges arising from a series of bank robberies in late 1997 and early 1998. We affirmed Peoples's conviction and sentence on direct appeal, *United States v. Peoples*, 6 Fed.Appx. 386 (7th Cir.2001), but remanded the case to the district court to correct a clerical error in the judgment. While his direct appeal was pending before this court, Peoples filed a motion for a new trial (his third) and a motion for appointment of counsel on November 20, 2000. On June 22, 2001, he filed a motion seeking post-trial discovery. In its order correcting the clerical error in Peoples's sentence on August 10, 2001, the district court denied these motions and Peoples now appeals.

Peoples first argues that he has the right to have counsel appointed to assist him in his post-trial motion practice, including motions for discovery and a new trial. (He has already filed his fourth motion for a new trial with the district court, which is not at issue in this appeal.) Peoples was represented at trial by appointed counsel. After trial and prior to Peoples's sentencing, a different attorney was appointed to replace trial counsel, and continued to do so until the conclusion of the direct appeal before us. Peoples challenged the effective assistance of his trial counsel in his direct appeal, and we found that his attorney did not make any errors that would warrant a new trial. Peoples now asks for a third attorney, but he has completed his direct appeals and no longer has a Sixth Amendment right to counsel. *See Kitchen v. United States*, 227 F.3d

1014, 1018 (7th Cir.2000).[2] Since Peoples's direct appeal was still pending, he was already represented by counsel at the time he filed his motion for appointment of counsel. Thus, the district court properly denied his motion upon the conclusion of the direct appeal before this court.

Peoples's motion for a new trial is based on "newly discovered evidence," and is a re-hash of similar arguments made during his direct appeal. Here, he argues that new witnesses will testify that government witnesses committed perjury at trial and had motives that encouraged or compelled them to testify against Peoples. As he admits in his reply brief, if a new trial was held and included this "newly-discovered" evidence, the additional evidence would only go towards impeaching the government's witnesses. Similarly, Peoples describes the possible new testimony as, at best, only increasing the possibility that he would be acquitted. This is a far cry from our standard for granting a new trial, which requires that newly-discovered evidence "*probably* lead to an acquittal in the event of retrial." *United States v. Kamel*, 965 F.2d 484, 490 (7th Cir.1992) (emphasis added). We therefore find that the motion for a new trial was properly denied.

Peoples next claims that he received ineffective assistance of counsel, as evidenced by his attorney's failure to follow up certain investigative leads and to make certain specific objections at trial. He first raised this argument in his direct appeal, where we found that his trial attorney's performance was well within the bounds of acceptable performance. Peoples now claims that his trial attorney's mental condition rendered him unable to provide effective assistance, citing newly discovered evidence and post-trial events, including his trial attorney's tragic suicide, which occurred over a year after Peoples's trial and months after his representation of Peoples ceased. This "newly discovered" evidence is actually just behavior that should have been discussed during Peoples's direct appeal, as it amounts to errors allegedly committed during trial. We already found Peoples's trial attorney's performance satisfactory, and do not consider the "new evidence" that Peoples discusses to describe any errors serious enough to implicate his attorney's performance under the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Therefore we find that the motion for a new trial based on the ineffective assistance of counsel was properly denied.

Finally, Peoples claims that the district court incorrectly denied his motion to compel discovery. In his motion, Peoples claims that he is entitled to obtain material that would bolster his motion for a new trial. However, discovery under Federal Rule of Criminal Procedure 12(b) is a process that takes place only *before* trial. If Peoples were to successfully present a motion for a new trial, he would be entitled to discovery. However, he has presented no evidence that would compel the former, and so cannot be granted the latter. Accordingly, the district court properly denied Peoples's motion to compel discovery.

For the reasons given, we find that Peoples's motions were properly denied and AFFIRM the district court.

---

**2.** After we denied Peoples's direct appeal, *see* 6 Fed.Appx. 386, the Supreme Court denied his petition for a writ of certiorari. *See Peoples v. United States*, —— U.S. ——, 122 S.Ct. 321, 151 L.Ed.2d 239 (2001).